IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND LEWIS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-09-1940 |
| JUSTIN STINNETT, *et al.* | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Defendant Meritt's Motion to Dismiss the Complaint and Amended Complaint. Paper No. 9 and 12. Plaintiff has filed a response. Paper No. 14. For reasons set forth below, the Motion to Dismiss shall be granted.

Plaintiff claims that on January 21, 2009, while incarcerated at the Baltimore City Detention Center (BCDC) he was released to the custody of Officers Stinnett and Smith. Paper No. 1. Plaintiff states the two officers took him to another location and, while Stinnett held his arm, Smith repeatedly slammed a door on his arm. *Id.* He states his arm was swollen and his hand was bleeding after the incident. He further claims his hand needed x-rays but he was not provided with medical attention.

Defendant Merritt, was the warden of BCDC, moves to dismiss the complaint because there are no allegations of wrong-doing against him. Papers No. 9 and 12. In addition, Merritt alleges he is entitled to immunity on any negligence claims because Plaintiff has failed to comply with the Maryland Tort Claims Act as it pertains to local and state government entities. *Id.*

## Standard of Review

Defendant seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the Complaint, the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the Plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

## Analysis

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir.2004) (no respondeat superior

liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has pointed to no action or inaction on the part of Defendant Meritt that resulted in an injury. Accordingly, Plaintiff's claims against Meritt shall be dismissed.

Service of the complaint was never accepted on behalf of Stinnett, Smith, and the Baltimore City Police Commissioner. Further attempts shall be made as set forth in the separate Order which follows.

_MAY 21, 2010_
Date

_Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE