IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RAYMOND LEWIS <br> Plaintiff | * <br> * <br> * |
| v | *   Civil Action No. RDB-09-1940 <br> * |
| JUSTIN STINNETT, *et al.* <br> Defendants | * <br> * |

## MEMORANDUM OPINION

Pending are Defendant Bealefeld's Motion to Dismiss (ECF No. 26) and Defendants Stinnett and Smith's Motion for Summary Judgment (ECF No. 30). Plaintiff filed a Response in Opposition to Bealefeld's Motion to Dismiss (ECF No. 29), but has filed nothing further in response to Stinnett and Smith's Motion for Summary Judgment. For the reasons set forth below, the motions shall be granted and judgment shall be entered in favor of Defendants.

### Background

Plaintiff claims that on January 21, 2009, while incarcerated at the Baltimore City Detention Center (BCDC), he was released to the custody of Officers Stinnett and Smith. ECF No. 1. Plaintiff states the two officers took him to another location and, while Stinnett held his arm, Smith repeatedly slammed a door on his arm. *Id.* He states his arm was swollen and his hand was bleeding after the incident. He further claims his hand needed x-rays but he was not provided with medical attention.

On May 21, 2010, the Court granted Defendant Meritt's Motion to Dismiss and ordered the remaining Defendants to be served. ECF No. 15 and 16. In dismissing the claims against Meritt this Court noted that the doctrine of *respondeat superior* does not apply in civil rights cases filed under 42 U.S.C. §1983, and that "Plaintiff has pointed to no action or inaction on the part of Defendant Meritt that resulted in an injury." ECF No. 15 at p. 3.

## Standard of Review

### Motion to Dismiss

Bealefeld seeks to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the Complaint, the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the Plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States recently explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 197.

### Summary Judgment

Smith and Stinnett seek summary judgment. Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

2

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### Analysis

Bealefeld asserts he is entitled to dismissal from this case because Plaintiff's allegations seek to impose liability on a theory of respondeat superior, an assertion that is confirmed by Plaintiff in his Response. ECF No. 29. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th

Cir.2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Thus, Bealefeld is entitled to be dismissed from this case.

Smith and Stinnett assert they are entitled to summary judgment because Plaintiff failed to file a notice with the appropriate authority under Maryland's Local Government Tort Claim Act. ECF No. 30. They do not deny the allegations raised in the Complaint concerning the assault described by Plaintiff and do not address any constitutional claim raised by the Complaint. Plaintiff does not deny that he failed to file the notices required by Maryland law to pursue a tort claim. ECF No. 20.

"[A]n action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Md. Cts. & Jud. Proc., Code Ann. §5-304(b)(1). In his response to Bealefeld's

4

Motion to Dismiss, Plaintiff simply states that this case should not be dismissed for "reasons stated previously" and that the case should only be proven in front of a jury in a court of law. ECF No. 20. Although he mentions in the Complaint and the Response the Maryland Declaration of Rights and "the constitutional act," the focus of his claim is the Local Government Tort Claims Act. In light of his undisputed failure to comply with the notice requirements of the Act, the tort claim must be dismissed. To the extent that Plaintiff implies a constitutional claim, the claim will be dismissed without prejudice.[1]

A separate Order follows.

MAY 3, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] In the event Plaintiff wishes to file the constitutional claim, he may contact the Clerk for civil rights forms.